**FILED**
**CLERK**

2/17/2016 4:48 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARRY REEDER, #15003575,

                             Plaintiff,

          -against-

CITY OF LONG BEACH, LONG BEACH POLICE
DEPARTMENT, JOHN DOE POLICE OFFICER
# 202/1124,

                         Defendants.
-------------------------------------------------------------------X

**ORDER**
15-CV-6683 (JMA)(SIL)

**AZRACK, District Judge:**

On November 16, 2015, incarcerated *pro se* plaintiff Garry Reeder ("plaintiff")

commenced this action against the City of Long Beach (the "City"), the Long Beach Police

Department (the "Department") and "John Doe" police officer # 202/1124 ("John Doe" and

collectively "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation

of his constitutional rights.   Accompanying the complaint is an application to proceed *in forma*

*pauperis*.   The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte*

dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons

that follow.

## I.   BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint

form.   In its entirety, plaintiff alleges:[2]

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order.   See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint a reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

> On May 3, 2015 approximately 11:30 pm and ongoing thereafter at the Long Island Railroad station in Long Beach, Nassau County, N.Y. claimant was spit on by Patricia O'Neill of 635 Magnolia Blvd, Long Beach, NY who also called plaintiff "a fucking nigger" and took his cell phone and smashed it on the ground causing permanent damage to the device.   Plaintiff did not retaliate.   Plaintiff called Long Beach Police and filed a domestic incident report (attached).   Plaintiff stated that he wished to press charges against Ms. O'Neill and requested she be arrested. Although his complaint was clearly substantiated as a racially discriminatory act, Long Beach Police Department, "John Doe" Officer and all other defendants refused to arrest Ms. O'Neill. When Ms. O'Neill later heard of plaintiff filing such report, she retaliated by filing a false domestic report causing plaintiff's arrest and indictment under 940N-15, Nassau County Court.   Police falsely accused and falsely arrested plaintiff despite their failure & duty to protect him from Ms. O'Neill, who had assaulted him.

(Compl. ¶ IV; id. at 5.)   In the space on the complaint form that calls for a description of any injuries suffered, plaintiff alleges:

> Loss of property, loss of wages, violations of my 1st, 4th, 8th and 14th Amendment Rights of the United States Constitution, emotional distress, abuse of process, legal fees/costs.

(Id. ¶ IV.A.)   For relief, plaintiff seeks to recover a punitive damages award of $500,000.00 from each defendant as well as an unspecified sum as compensatory damages.   (Id. ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon

which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550

3

U.S. at 555).

**C.    Section 1983 Claims**

Section 1983 provides that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."   Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).   In order to state a Section 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law."   Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."   Id..

**1.    Claims Against the Department**

Plaintiff names the Department as a defendant.   However, the Department is a non-suable entity because it is merely an administrative arm of the City.   "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."   See Rose v. County of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (dismissing claims against the Nassau County Police Department because it is a non-suable entity).   Since the Department is an administrative arm of the City, it lacks the capacity to be sued.   Accordingly, plaintiff's claims against the Department are dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§

1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

### 2.    Claims Against the City

It is well-established that a municipality, such as the City, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort."   Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004).   Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights.   See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees.   Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002).   "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."   DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of the City.   Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.").

Accordingly, plaintiff has not alleged a plausible Section 1983 claim against the City and such claim is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1).

### 3.   Claims Against John Doe

Finally, plaintiff seeks to impose liability against the John Doe officer who allegedly: (1) "refused to arrest Ms. O'Neill"; and (2) "falsely accused and falsely arrested" him.   (Compl. ¶ IV.)

#### a.   Failure to Arrest Claim

It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."   Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, to the extent that plaintiff complains that the John Doe officer "refused to arrest" another person, such claim is implausible and is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).   See Ostrowski v. Mehltretter, 20 F. App'x 87, 91 (2d Cir. 2001) (holding that plaintiff lacked standing to bring claim related to prosecution of another person).

#### b.   False Arrest Claim

To establish a false arrest claim pursuant to New York law, a plaintiff must demonstrate: "'(1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'"   TADCO Const. Corp. v. Dormitory Auth. of State of N.Y., 700 F. Supp. 2d 253, 268 (E.D.N.Y. 2010) (quoting Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)).   It is well-established that "'[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause.'" Williams v. Town of Greenburgh, 535 F.3d 71, 78-79 (2d Cir. 2008) (quoting Singer, 63 F.3d at 118).

Here, plaintiff is presently incarcerated on charges arising out of the same events that are the subject of the complaint.   Thus, it is apparent that the circumstances of plaintiff's arrest are

inextricably intertwined with his on-going prosecution, and the results of his prosecution may well have a determinative impact on the viability of his claims here.   A conviction would establish probable cause thereby negating his false arrest claims.   Accordingly, plaintiff's false arrest claims are hereby STAYED pending the outcome of plaintiff's state court criminal proceedings. Wallace v. Kato, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

The Clerk of the Court is directed to administratively CLOSE this case.[3]   Plaintiff shall request, in writing, that this case be reopened within two (2) weeks of the conclusion of his state court criminal proceedings if so warranted at that time.

**D.      Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009).   Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint."   Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)).   Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id.

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint.   Because amendment of plaintiff's claims against the Department and

---

[3] Given that the statute of limitations for a Section 1983 false arrest claim begins to run at the time "legal process was initiated" against plaintiff, the Court will stay this claim pending the conclusion of the underlying state court criminal proceedings rather than dismiss it without prejudice.   Wallace, 549 U.S. at 390–91.

alleging the failure to arrest another person would be futile for the reasons stated above, leave to amend such claims is DENIED.   However, plaintiff is afforded an opportunity to amend his false arrest claims against the City and John Doe in accordance with this Order.   Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue in the amended complaint.   Plaintiff's amended complaint must be labeled as an "amended complaint" and bear the same docket number as this Order, 15-CV-6683(JMA)(SIL).   Given the stay of plaintiff's false arrest claims, the time for plaintiff to amend his complaint is likewise stayed.

### III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the claims against the Department and the failure to arrest claims are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1) for failure to state a claim for relief.   Plaintiff's false arrest claims against the City and John Doe are STAYED pending the conclusion of the underlying criminal case.   They Clerk of the Court shall administratively CLOSE this case.   **Plaintiff is ordered to request, in writing, that this case be reopened within two (2) weeks of the conclusion of his underlying criminal proceedings if so warranted at that time.   Plaintiff is cautioned that his failure to do so will lead to the dismissal of his complaint and judgment shall enter.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                          __/s/ JMA_____
                                                                      Joan M. Azrack
Dated:   February 17, 2016                          United States District Judge
               Central Islip, New York

8